# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL JOHNSTON**<br>    **Plaintiff,**<br><br>    v.<br><br>**DUNLAP & KYLE COMPANY,**<br>**INC., et al**<br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  **Case No.:  2:23-CV-0554-NAD**<br>)<br>)<br>)<br>) |

## INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS[1]

**I.     Discovery**

The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26.  In cases removed from state court in which discovery requests were served before removal, those discovery requests shall be deemed to have been served on the date that the parties file their Rule 26 report.  The parties are instructed to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

Prior to filing any motion regarding a discovery dispute, the moving party must serve the opposing party with a letter (or email) identifying each issue and/or discovery request in dispute, stating the moving party's position with respect to each such issue and/or request, and specifying the terms of the discovery order to be sought.  Afterward, counsel for the parties shall confer in a good faith effort to resolve the dispute in whole or in part without court intervention.  Counsel may

---

[1] This Order, along with Judge Danella's other standard orders in civil cases and general information about chambers procedures, is available at https://www.alnd.uscourts.gov/content/magistrate-judge-nicholas-a-danella.    The   Local   Rules   are   available   at www.alnd.uscourts.gov, Local Rules and Orders.  Each attorney and *pro se* party who appears in this case must comply with this Order and the Local Rules.

attempt to resolve the dispute via virtual or telephone conference rather than in person.

If the parties are unable to reach a resolution after conferring with each other, they must request a conference with the court.  If the dispute is not resolved after the conference with the court, the court may grant leave to file a discovery motion.  **No discovery motion should be filed without leave of court.**

## II.     Electronic Submissions

### A.     CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF. Documents must be filed through CM/ECF in PDF (Portable Document Format), unless submitted by a party appearing *pro se*, in which case documents should be filed with the Clerk of Court. Except in extraordinary circumstances, all filings shall be consistent with the Court's Civil Administrative Procedures Manual, which is available at www.alnd.uscourts.gov, For Attorneys, Polices and Procedures.

### B.     Protected Information

The parties must comply with the court's Administrative Procedures Manual for electronic filing with respect to redacting personal identifiers.  Counsel should redact personal or sensitive information (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) in compliance with the E-Government Act.  When filing material under seal, the parties must comply with the Administrative Procedures Manual.

*Ex parte* **communications are not allowed.**  Absent leave of court, all communications to the chambers email address must show a copy to all opposing counsel or *pro se* parties.

## III.    Motion Practice

The following must appear on the first page of every motion or brief directly below the

case number in the caption of the pleading:  (1) the indication "**ORAL ARGUMENT REQUESTED**," if the party requests oral argument; and (2) an indication whether the motion is **OPPOSED** or **UNOPPOSED**.

In addition, where applicable, a party should indicate that a motion is a time sensitive ("**TIME SENSITIVE**") or emergency ("**EMERGENCY**") submission.  A motion is a time sensitive submission where the party requests a ruling in **5 business days or less**.  A motion is an emergency submission where the party requests a ruling in **2 business days or less**.

    A.    **Format Applicable to All Motions and Briefs**

The parties' motions and briefs shall be in Times New Roman font and 12-point type.  Footnotes shall be in 12-point type.  Documents shall be double spaced; footnotes and indented quotations that exceed three lines may be single spaced.

Citations to the record must include the document number, page number, and paragraph or line number (where available).

    B.    **Summary Judgment Motion Requirements**

        1.    **Briefing Schedule**

The parties will receive a scheduling order with a deadline for filing dispositive motions.  Any motion for summary judgment, supporting brief, and evidentiary materials must be filed on or before that deadline.  A motion for summary judgment, the supporting brief, and any supporting evidentiary materials should be filed as separate documents on the CM/ECF docket.

Unless otherwise ordered by the court, the opponent's responsive submission must be filed no later than 21 calendar days after the motion for summary judgment is filed.  And, unless otherwise ordered by the court, the movant's reply brief (if any) must be filed no later than 14 calendar days after the date on which the opponent's responsive brief was due under this Order.

### 2. Page Limits

Initial and responsive briefs are limited to thirty (30) pages. Reply briefs are limited to fifteen (15) pages. Summary judgment briefs should include a Table of Contents and Table of Authorities, which do not count toward the page limits.

## C. Motion Requirements (Other than Summary Judgment)

### 1. Briefing Schedule

A party filing a motion (other than one for summary judgment) shall incorporate in the motion the arguments and/or authorities on which the motion relies; separate motions and supporting briefs are discouraged.

Unless otherwise ordered by the court, the opponent's responsive brief must be filed no later than 14 calendar days after the motion is filed. And, unless otherwise ordered by the court, the movant's reply brief (if any) must be filed no later than 7 calendar days after the date on which the opponent's responsive brief was due under this Order.

### 2. Page Limits

Initial and responsive briefs for a motion (other than one for summary judgment) are limited to fifteen (15) pages, excluding exhibits. Reply briefs are limited to ten (10) pages, excluding exhibits.

## D. Requirements for Evidentiary Materials

With their briefs, the parties must file all evidentiary materials (e.g., affidavits, exhibits, depositions, etc.) on which they rely in support of or in opposition to a motion—except those evidentiary materials included in the moving party's initial submission, which any party opposing or responding to the motion may reference without resubmitting additional copies of the same materials.

Citations and/or specific references must include the exhibit number, page number, and the paragraph or line number (where available).  While the court may consider evidentiary materials that are not filed and not specifically referenced in any brief, no party should assume that the court will consider such materials.

Evidentiary materials must contain a Table of Contents that includes a brief narrative description of each document, e.g., "Plaintiff's Exhibit 1, the Deposition of John Doe."  For ease of citation, each exhibit, affidavit, deposition, etc. must be separately identified by a capital letter or number (e.g., "Exhibit A" or "Exhibit 1"); and, if the exhibit includes more than one page, each page must be separately numbered.  The parties are **DIRECTED** to submit complete deposition transcripts, even if only relying on an excerpt, in travel transcript format consisting of no more than 4 pages of deposition text per 8 ½ by 11 inch page.

### E. Motions to Withdraw as Counsel

Unless a client still would be represented by other counsel, a motion to withdraw as counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within 14 calendar days of the date of the notification.

### F. Oral Argument

The court generally will set cases for oral argument, if requested.  As stated above, if any party desires oral argument, the party should request argument in its motion or response.

All motions, responses, briefs, evidentiary materials, and other filings related to any matter set for hearing before the court should be filed electronically no later than 4:30 p.m. CT the day before the date of the hearing.  Papers filed after that time may not be considered at the hearing.

### G. Courtesy Copies

For all submissions exceeding thirty (30) pages (including exhibits), the filing party must submit, no more than 5 business days after filing, an exact courtesy copy of the submission. Each page must include the CM/ECF header "stamp," showing the case number, document number, date, and page number. Courtesy copies must be submitted to the Clerk's Office for delivery to chambers. <u>Courtesy copies should be double-sided and securely bound in a tabbed 3-ring binder.</u> Each document with a separate CM/ECF docket number should have its own tab in the 3-ring binder; and the filing party may submit more than one 3-ring binder, as appropriate.

## IV. Suitability of Action for Alternative Dispute Resolution

The parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that all attorneys, along with their clients, make an early analysis of the case and be prepared to discuss settlement at an early date. The parties also shall consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

## V. Particular Cases

The undersigned's webpage contains standard orders for cases that involve EEOC charges and fee shifting. If a party anticipates that it may, for any reason other than as a sanction under the Federal Rules of Civil Procedure, seek an award of fees from the opposing party pursuant to a

statute or common law or an agreement between the parties, then the party must comply with the mandatory rules for fee shifting cases.

**DONE** and **ORDERED** this July 26, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE